[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff Michael G. Pagett moves to strike the counterclaim and special defense filed by defendant Westport Precision, Inc. in response to this suit brought under General Statutes § 33-946 to enforce a stockholder's right to inspect corporate records. For the reasons stated below, the motion is granted.
Plaintiff Michael G. Pagett wants to inspect corporate records of defendant Westport Precision and seeks the issuance by this court of an order of mandamus pursuant to General Statutes § 33-946.[1] The common law right of a stockholder to examine the books and records of a corporation in which he holds an interest is now embodied in General Statutes 33-945 et seq. Pagett alleges that he is a shareholder of the defendant corporation, that he made a written request pursuant to General Statutes § 33-946 to inspect the defendant's records, and that his request is made is made in good faith and for a proper purpose.
In the special defense that Westport Precision has filed, it alleges the following:
The plaintiff, while (1) an employee of the Defendant, (2) a shareholder of the defendant and (3) an officer and director of the Defendant, converted to his personal use and financial gain, assets, goods and CT Page 3057 services of the Defendant. Said conversion was for inadequate consideration and/or no consideration to the severe detriment of the Defendant, directly affecting the financial standing and stability of the Defendant. The Plaintiff is therefore without clean hands and is not entitled to the equitable relief requested in his Complaint.
In the counterclaim that Westport Precision has filed, it alleges that it issued 550 shares of its stock to Pagett in consideration for his agreement to use his best efforts to work for the benefit the corporation and its stockholders. Westport Precision further alleges that, starting in October of 1996, Pagett began converting the corporation's goods and services for his personal benefit and, in so doing, breached his fiduciary duty to the corporation. Westport Precision requests that the court rescind the transfer of the 550 shares to the plaintiff
Pagett contends that the special defense should be stricken on the ground that the facts alleged therein do not show that the plaintiff lacks a cause of action. See Practice Book § 10-50. General Statute § 33-946 governs the inspection of records by a shareholder and sets forth, in subsection c, the criteria that a shareholder must meet to enforce his or her right to inspect records: "A shareholder may inspect and copy the records described in subsection (b) of this section only if: (1) His demand is made in good faith and for a proper purpose; (2) he describes with reasonable particularity his purpose and the records he desires to inspect; and (3) the records are directly connected with his purpose." In resisting a stockholder's request for inspection, a corporation is limited to those factors set forth in the statute, which can be raised by a denial when the stockholder has alleged that he or she has complied with the statutory conditions. Since the defendant's special defense does not pertain to the statutory criteria, it is an insufficient basis upon which to defeat the plaintiff's right to inspect records.
With respect to the counterclaim, Pagett contends that the prayer for relief, i.e. recission of the stock transfer, should be stricken on the grounds (1) the defendant has not sufficiently alleged a claim for recission of the employment agreement and (2) the defendant has previously elected in a prior pending case to seek damages for breach of the employment agreement rather than recission of the agreement. Pagett also contends that the counterclaim should be stricken on the ground the matters alleged therein do not arise out of the same transaction that is the subject of the complaint. In the counterclaim, Westport Precision repeats the allegations that it has made in a prior pending case against Pagett, adds allegations about the stock transfer, and requests recission of the transaction. There are two other law suits that relate to Pagett's CT Page 3058 employment by the defendant. These cases are Pagett v. WestportPrecision, Inc., with a docket number of 00-03723 71, and WestportPrecision, Inc. v. Pagett, with a docket number of 00-0373180. In the present case, Westport Precision seeks to add issues that are unrelated to the statutory issues, which are as follows: Is Pagett's demand made in good faith? Has he described with reasonable particularity his purpose and the records he desires to inspect? Are the records directly connected with his purpose? Since the counterclaim raises issues that are unrelated to the plaintiff's statutory cause of action, it should be stricken.
The motion to strike the special defense and counterclaim is granted.
THIM, J.